## MAGINNIS v. CITY OF BROOKLYN.

(City Court of Brooklyn, General Term. May 28, 1888.)

NEGLIGENCE—DANGEROUS PREMISES—LIABILITY OF CITY.

In an action against a city for personal injuries, it appeared that plaintiff, a boy six years old, got on defendants draw-bridge, when open, and that when the bridge was closed his foot was crushed. The bridge was provided with gates at each end, which were closed when it was open. The gates, when closed, came within 16 inches of the ground, and were the best in use. There was no proof how plaintiff got on the bridge, though there was proof that children sometimes crawled under the gates. There was no negligence on the part of those in charge of the bridge. Held, that plaintiff could not recover.

Appeal from trial term.

Action brought by John H. Maginnis, by guardian, against the city of Brooklyn. Verdict and judgment for plaintiff, and defendant appeals.

Argued before CLEMENT, C. J., and VAN WYCK, J.

Almet F. Jenks, for appellant. William G. Cook, for respondent.

CLEMENT, C. J. The facts of this case are contained in a very narrow compass. The bridge over the Gowanus canal, at Union street, in this city, is so constructed that it revolves on a pier in the center, and is opened to allow vessels to pass in such canal. At each end of the bridge on the street are iron lattice gates, which are lowered when the bridge is opened, as a warning to travelers on the street, and, when not lowered, are folded up against a column, one on each side. The gates come together in the center of the street, and there is a space not exceeding 16 inches between the surface of the street and the bottom of the gates when closed. There was proof that children frequently crawled under the gates when closed, and on April 29, 1886, the

plaintiff, a boy six years of age, in some way got upon the bridge when it was open, and as the bridge was swung into its proper place the plaintiff's foot was crushed. There was no proof given how the boy got upon the bridge, and there was testimony that there were no gates made which would reach nearer to the surface of the street, and which could be operated with safety to the men lowering them. Plaintiff obtained a verdict at the trial term for the sum of $1,500, and from the judgment entered on said verdict, and the order denying a new trial, this appeal is taken. We are of opinion that the judgment cannot be sustained on the record. There was no testimony showing how the plaintiff got upon the bridge, and, in the absence of proof, we do not see how the jury could find that he crawled under the gate. If we assume that the boy did get upon the bridge by reason of the fact that there was a space of 16 inches between the gates and the surface of the street, even then we think that the complaint should have been dismissed. It was not an unlawful act to open the bridge, as the Gowanus canal is a navigable stream, and, while the city has a right to bridge the same, it is obliged to have drawbridges, and to open the same whenever vessels pass up or down the canal. Whenever a draw-bridge is opened it is necessary to warn travelers of the fact, but it is not necessary to provide a barrier across the highway, so that a traveler cannot climb over or crawl under it. In the case of *Hart* v. *Bridge Co.*, 84 N. Y. 56, it appears that the plaintiff's intestate, while crossing a bridge over the Hudson river, at Albany, fell through an open draw, and was drowned; and the court of appeals held that it was not error for the trial judge to charge the jury that if they believed the gate was not entirely closed, but the bottom of it was two feet and a half from the bridge floor, the plaintiff could not recover. Judge MILLER in that case says, at page 62: "The defendant was not bound, we think, to place an obstruction or a warning in the way which rendered it absolutely impossible to pass; and it was sufficient to guard against danger or accident when a proper degree of vigilance was exercised." In the case before us it is claimed that a higher degree of care was necessary on the part of the city authorities, because children were in the habit of getting upon the bridge when the gates were closed; but it is not necessary to decide the question, for it is an undisputed fact that there were no gates, which could be operated safely, which came down nearer to the ground than the gates used at the time plaintiff was injured. We hold that the city, when it provided the best gates which could be obtained, performed its duty to the traveling public, and took all the reasonable precautions which the law required. If the city performed its duty, no claim of negligence can be sustained, and it makes no difference whether the party injured was an infant or an adult. There is no claim that there was carelessness on the part of the employes of the city in closing the bridge. The judgment and order denying new trial must be reversed, and a new trial granted. Costs to abide the event.

VAN WYCK, J., concurs.